UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CASE NO.   CR07-132 RSL |
| ) | |
| v. ) | |
| ) | |
| ) | DETENTION ORDER |
| LE MY NGUYEN, ) | |
| ) | |
| Defendant. ) | |

Offense charged:

    Count I:    Conspiracy to Manufacture Marijuana, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846;

    Count II:    Conspiracty to Engage in Money Laundering, in violation of Title 18, U.S.C., Section 1956(h).

Date of Detention Hearing:   April 16, 2007

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Sarah Vogel.  The defendant was represented by Peter Avenia.

DETENTION ORDER
PAGE -1-

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Defendant is a citizen of Canada. The investigation of bank accounts and business activities involves cross-border transactions in the manufacture and sale of marijuana. In Count One, the conspiracy allegedly involves the manufacture of at least 1000 marijuana plants in a variety of in-home grow farms. The Government alleges the defendant has access to undisclosed bank accounts in Canada. Accounts seized in U.S. banks comprise over $75,000 in liquidity in the defendant's name as an aggregate from three separate accounts. She reported to Pretrial Services her monthly income was $2500. In Count Two, the Government alleges, involves the transfer of illegal proceeds from the business accounts which the defendant appeared to control. Thus, Defendant's access to large sums of money is viewed as a flight risk.

Based upon the foregoing information which is consistent with the recommendation of detention by U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 16th day of April, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-